Judge SPARKS,
with whom Judge OHLSON joins, concurring.
I concur with the Court’s conclusion that the military judge erred in this case but that the accused was not prejudiced as a result of that error. I write separately to express certain concerns that have little to do with the Chief Judge’s well-reasoned opinion, and more to do with the issue of certain appearances that arise in the implied bias context.
Here, the military judge’s precise basis for his implied bias determination is unclear because of his failure to put more on the record. However, given the context in which the issue arose and the trial counsel’s argument in support of the challenge for cause, it seems the military judge was concerned that it might appear to some that the issue of racial bias in favor of the accused and against the Government had found its way into the proceedings. The military judge was rightfully sensitive to this issue. However, if this was the military judge’s reasoning, it may have been an overreaction. There is a distinction to be drawn between the issue of race and the issue of racial bias. Here, the issue of race was present from at least the point during voir dire when the members, after *100 observing that the accused was black, deduced that the victim was white. However, MSgt LWs responses to the questions posed to her from counsel and the military judge do not even remotely suggest that she harbored a racial preference for or bias towards the accused, notwithstanding trial counsel’s ardent claims to the contrary.
Although the Government is entitled to a fair opportunity to present its case to unbiased members, the issue of the appearance of fairness in a criminal proceeding is generally understood as a reference to the appearance of fairness to the accused. After all, it is the accused’s constitutional right to a fair trial that is most often at issue. Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). Here, the military judge’s concern for the appearance of fairness to the prosecution risked raising a more significant appearance issue relevant to the accused. I agree this case is not controlled by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), That said, when any member of a suspect class (such as a racial or ethnic group) is improperly removed from the court-martial panel, the constitutional concerns underpinning Batson are implicated. The question then is whether the military judge’s ruling in this case raised the specter that the accused was tried before a court-martial in which a member of his race was purposefully excluded based on the false assumption that the member would be unable to impartially consider the case against an accused of the same race. Id. at 85, 106 S.Ct. 1712. Because of the trial counsel’s over-the-top argument in support of his challenge for cause and our conclusion that the military judge erroneously removed the member, it might well seem to some that the appearance of purposeful exclusion is clearly present jn this case. I remain of the view that from a purely objective standpoint, no reasonable person armed with the facts and circumstances of this case and an understanding of the military justice system would conclude that the military judge purposefully excluded the member based on her race. The record does not disclose a racial animus on the part of the military judge, and I am loath to ascribe to him any nefarious motive.
My intent here is to offer a word of caution to military judges. Here, the military judge could simply have denied the challenge for cause without more. If the trial counsel truly felt as strongly as his comments on the record suggest, he could have exercised his peremptory challenge. This would have provided the military judge the opportunity to develop the record with the appropriate inquiry required under Batson and erased the ambiguity we are left with in this case.
Finally, it remains unclear under our case law when, if ever, an appearance of puxposeful exclusion of a member by the military judge might warrant relief, as long as the accused has been tried by an impartial panel. I conclude that an appearance of purposeful exclusion does not exist in this case. However, it does raise important questions about what, if any, remedy would be available in a more flagrant situation in which relief might well be warranted.